278 F.2d 114
 Massoad Abdallah HIDICK, Plaintiff-Appellant,
v.
ORION SHIPPING AND TRADING CO., Inc., and Pacific Cargo
Carriers Corporation, Defendants-Appellees.
PACIFIC CARGO CARRIERS CORPORATION, Third Party Plaintiff,
v.
UNITED STATES of America, Third Party Defendant.
 No. 238, Docket 25700.
 United States Court of Appeals Second Circuit.
 Argued March 9, 1960.
Decided May 2, 1960.
 
 Jacob Rassner, New York City (Thomas F. Frawley, New York City, of counsel), for plaintiff-appellant.
 Healy, Baillie & Burke, New York City (Allan A. Baillie, Thomas L. Rohrer, New York City, on the brief), for defendants-appellees.
 George Cochran Doub, Asst. Atty. Gen., S. Hazard Gillespie, Jr., U.S. Atty., New York City, Samuel D. Slade, Washington, D.C., Benjamin H. Berman, Robert D. Klages, Attys., Dept. of Justice, New York City, for Third Party Defendant.
 Before CLARK, WATERMAN and LEWIS,[1] Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, a seaman, brought an action for personal injuries alleging that he became permanently disabled through the inhalation of chlorine gas that excaped from a container as appellant's ship was being loaded in the Port of Pusan, Korea, on March 23, 1953. Appellant's complaint contained both Jones Act (46 U.S.C.A. 688) and unseaworthiness counts. Trial was had before Judge Dawson and a jury. The jury rendered a general verdict for defendants-appellees, and from the judgment entered thereon plaintiff appeals.
 
 
 2
 Appellant has briefed several claims of error. There is merit in none. At the close of the evidence plaintiff moved for a directed verdict in his favor as to liability. This was denied. After the adverse jury verdict plaintiff moved to set that verdict aside. This motion was also denied. There had been no dispute that the chlorine gas had escaped as alleged, but other issues relative to defendant's liability and the cause of plaintiff's injuries, if any, were factually contested. The motions were properly denied.
 
 
 3
 Other claims of error relate to the conduct of the trial. At the close of all the evidence plaintiff submitted to the court several requests to charge. In the form presented these requests were denied prior to delivery of the charge. Thereupon counsel specifically stated he took no exceptions save as to the failure of the court to grant his motion for a directed verdict. After the delivery of the charge, counsel, though specifically interrogated by the court with respect thereto, took no exceptions to the charge as delivered. The ship's log was admitted into evidence. It disclosed an entry that the leaking gas covered the entire vessel and that the crew were ordered ashore for treatment. In addition to the log, plaintiff's counsel also sought to introduce reports of the Master, officers of the ship, and investigators, with reference to the extent to which the chlorine gas permeated the vessel. These reports had been made available to plaintiff before trial. The persons making them were not present at trial. These reports were all excluded. Nothing in the excluded reports in any way contradicted the ship's log or contradicted the position defendant took at trial. In the posture of this case all these reports were but cumulative of the information contained in the log. All of the above claims are without merit.
 
 
 4
 Plaintiff's other contentions are based either upon an alleged 'stipulation' made by defendant's counsel or upon statements made by the court during the progress of the trial. They are equally without merit.
 
 
 5
 Affirmed.
 
 
 
 [1]
 Of the Tenth Circuit, sitting by designation